```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Cinseree Johnson,              :

    Plaintiff,             :

  v.                           :      Case No. 2:06-cv-0626

Ohio Civil Rights Commission,  :      JUDGE GRAHAM

    Defendant.             :

                    REPORT AND RECOMMENDATION

    This matter is before the Court for an initial screening pursuant to 28 U.S.C. §1915.  For the following reasons, this Court recommends that the complaint be dismissed for failure to state a claim on which relief may be granted.

                              I.

    28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See, Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may be dismissed for failure to state a claim upon which

relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party.  Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

II.

On July 24, 2006, plaintiff Cinseree Johnson filed a complaint and application to proceed *in forma pauperis* against the Ohio Civil Rights Commission ("OCRC").  In the complaint, Ms. Johnson states (reproduced verbatim):

> On or about April 2, 2006, I filed a complaint with the Ohio Civil Rights Commission.  From the onset, there were "problems" with the investigator assigned to the case.  The investigator exhibited behaviors and actions which impeded the progress of the investigation, and were such that I attempted to withdraw the investigation for lack of wanting to "deal with" the assigned investigator.  I spoke to numerous individuals at the OCRC, requesting that a new investigator be assigned.  I accused the investigator of (1) exhibiting behaviors that impeded the investigation (2) forming preconceived notions about the complainant and (3)) engaging in behaviors that I deem to be rooted in "Black on Black Racism."  The Ohio Civil Rights Commission refused to re assign an investigator despite a request made to the manager for Constituent Affairs.  The OCRC claim that it wants to "better serve our customers," was grossly inaccurate in my case.  The OCRC handling of this case has resulted in a deprivation of my right to a proper proceeding and due process under the law.
>
> I want the charge before the OCRC to be reassigned to a different investigator.  I

> want to be treated fairly and without prejudice by the OCRC. I seek to have the Court establish training and workshops for the OCRC staff in the area of "Black on Black Racism," to include a discussion about class differences and the problems therein. I seek $1 million plus court costs as additional relief in this matter.

(Complaint at p. 5.)

For guidance, this Court turns to Crenshaw v. Baynerd, 180 F.3d 866 (7th Cir. 1999). In Crenshaw, the plaintiff sued several members of the Indiana Civil Rights Commission ("ICRC"), in their individual capacities, for dismissing an allegation of sexual and racial discrimination without an investigation. When the ICRC dismissed the allegation, the plaintiff brought suit in federal court claiming a due process violation because the ICRC chose not to investigate the plaintiff's claim. The district court dismissed the claim on immunity grounds, and the Seventh Circuit Court of Appeals affirmed. Additionally, the appellate court reviewed the allegations on their merits and stated:

> Even if we did not dispose of this case on immunity grounds, Crenshaw still would not prevail because she failed to allege a cognizable §1983 claim. Although her complaint and her appellate brief refer to many vague, generalized rights which she claims the Commissioners conspired to violate - i.e., her civil right to a full ICRC investigation of her charge, equal opportunity access to Judge Dywan's courtroom, an impartial tribunal before which to prosecute her ICRC charge - only her claimed right to "due process of law" is plausibly relevant to her §1983 action. She argues that the defendants violated her right to due process, presumably under the Fourteenth Amendment, because they dismissed her complaint without complying with what she perceives to be an Indiana statutory mandate to investigate all charges filed with the ICRC.

3

> But this assertion is not sufficient to raise a procedural due process claim. Such a claim requires Crenshaw to identify a property interest, or a state-created liberty interest[,] of which she was allegedly deprived, and she identified neither. In short, she has asserted nothing more than a right to process, and the mere expectation of receiving a state-afforded process does not establish either an independent liberty or property interest protected by the Due Process Clause. Unless a federal right is contravened, the regulation of state adjudicatory proceedings is the "business of the states." Because Crenshaw's claims do not amount to violations of the Constitution or of federal law by state actors, they are not cognizable under §1983.

Crenshaw, 180 F.3d at 868-69 (internal citations omitted).

Like the Seventh Circuit Court of Appeals stated in Crenshaw, in order for Ms. Johnson to make a procedural due process claim, she must identify a property interest, Board of Regents v. Roth, 408 U.S. 564, 577 (1972), or a state-created liberty interest, Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-62 (1989), of which she was allegedly deprived. In reviewing Ms. Johnson's allegations, however, it appears that she alleges neither. Instead, it appears that Ms. Johnson has alleged nothing more than "bad business practices" by the Ohio Civil Rights Commission, which falls short of a deprivation of due process. Under the umbrella of "bad business practices," Ms. Johnson claims the OCRC investigator engaged in "behaviors that [she] deems rooted in 'Black on Black Racism.'" (Complaint at p. 5.) This Court notes that this vague allegation, alone, does not implicate any claims under the Equal Protections Clause because Ms. Johnson did not claim that she was treated differently than others who filed complaints with the OCRC.

4

III.

Based on the foregoing reasons, it appears that Ms. Johnson has asserted nothing more than a right to process, and the mere expectation of receiving a state-afforded process does not establish a violation of the Due Process Clause.  This Court RECOMMENDS that Ms. Johnson's complaint be DISMISSED for failure to state a claim upon which relief can be granted.

/s/ Terence P. Kemp
United States Magistrate Judge