IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cinseree Johnson,                 :

      Plaintiff,             :

  v.                              :    Case No. 2:06-cv-0626

Ohio Civil Rights Commission,    :    JUDGE GRAHAM

      Defendant.             :

REPORT AND RECOMMENDATION

    Plaintiff, Cinseree Johnson, originally filed a complaint in this Court in July 2006.  That complaint was screened and this Court recommended that it be dismissed for failing to state a claim upon which relief can be granted (doc. #2).  Ms. Johnson amended her complaint, and the amended complaint is before the Court for screening pursuant to 28 U.S.C. §1915.  For the following reasons, this Court recommends that the complaint be dismissed for failure to state a claim on which relief may be granted.

I.

    28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See, Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at

327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 4l, 45-46 (l957).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party.  Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

II.

On November 11, 2006, Ms. Johnson filed a complaint in this Court alleging (reproduced verbatim):

> 1. On or about April 2, 2006, plaintiff filed a complaint with the Ohio Civil Rights Commission (OCRC).
>
> 2. On or about April 7, 2006, the OCRC assigned G Renae Wallace to investigate plaintiff/ complaintants complaint.
>
> 3. On or about April 14, 2006 and thereafter, G Renae Wallace violated plaintiff/ complaintants right to due process, pursuant to the fourteenth amendment, by: deliberately impeding an investigation; failing to conduct a fair and impartial investigation; failure to investigate a complaint
>
> 4. On or about July 1, 2006, OCRC manager Leon Adams and Director G Michael Payton denied plaintiff/complaintants request asking OCRC to assign a new investigator to the case despite that plaintiff/complaintant alleged prejudice and violations of due process.
>
> 5. On or about July 11, 2006, plaintiff/complaintant contacted Commission

2

> Chairman Aaron Wheeler regarding her request for the appointment of a new investigator. Chairman Wheeler agreed the case should be "switched out" and promised to speak with OCRC director Michael Payton to initiate the change.
>
> 6. On or about July 15, 2006, manager Leon Adams again denied plaintiff/complaintants request for a new investigation despite allegations of prejudice and violations of due process.
>
> 7. As of the date of this filing, plaintiff/complaintiff has received no communication regarding the status of the investigation and contends that the OCRC's failure to investigate her complaint and failure to provide a fair and impartial investigation of the complaint is a deliberate violation of her right to liberty and due process as pursuant to the forutheeth amendment.

(Am. Complaint at p. 6.)  It appears from the complaint that Ms. Johnson is alleging a procedural due process violation resulting from the Ohio Civil Rights Commission's (OCRC) failure to investigate the complaint she filed with that agency.

In order to establish a procedural due process claim in a 42 U.S.C. §1983 action, Ms. Johnson must prove that she: (1) had a life, liberty or property interest protected by the Due Process Clause; (2) that she was deprived of this protected interest; and (3) that the state did not afford her adequate procedural rights prior to depriving her of her protected interest.  <u>Hahn v. Star Bank</u>, 190 F.3d 708, 716 (6th Cir.1999).  At issue in this case is whether Ms. Johnson had a cognizable life, liberty, or property interest.

Ms. Johnson's allegations are substantively similar to those made in <u>Richardson v. Township of Brady</u>, 218 F.3d 508 (6th Cir.2000).  In <u>Richardson</u>, the plaintiff filed suit alleging, *inter*

3

*alia*, violations of his procedural due process rights resulting from the township's failure to follow explicit procedures established in the applicable zoning laws. The Court of Appeals rejected this argument stating:

> Richardson really seems to be arguing that he has a property interest in the procedures themselves, and that by failing swiftly to execute its procedures the Township has deprived him of that property right without due process. *See* Appellant's Br. at 27 ("Plaintiff's procedural due process right ... is the right to have the Township follow the procedures set forth in the applicable zoning enabling act....  He was deprived of these rights by the Township."). However, Richardson can have no protected property interest in the procedure itself. *See United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 34 (6th Cir.1992)(holding that a "disappointed bidder" to a government contract did not have a property interest in the State's purchasing guidelines, and so suffered no due process violation when the State failed to comply with its own procedure in awarding the bid; "A 'disappointed bidder' to a government contract may establish a legitimate claim of entitlement protected by due process by showing either that it was actually awarded the contract at any procedural stage or that local rules limited the discretion of state officials as to whom the contract should be awarded."); *see also LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1110 (6th Cir.1995)(citing *United of Omaha* for this proposition).

Id. at 517-18.

Like Richardson, where the plaintiff claimed a due process violation because the zoning board failed to follow established procedures, Ms. Johnson is claiming that the OCRC failed to follow state created procedures with respect to the investigation of her claim.  As the Court of Appeals noted, however, the Due Process Clause does not create a life, liberty or property interest in

following state-created procedures.  Put simply, there is no protected interest in the procedure itself.  See, id. at 518.  An allegation that Ohio failed to follow discretionary mandates, see Ohio Admin. Code §4112, et seq., in processing a discrimination charge does not implicate the Due Process Clause.  Thus, Ms. Johnson has failed to state a claim upon which relief can be granted.

### III.

Based on the foregoing, the Court RECOMMENDS that the complaint be DISMISSED for failing to state a claim upon which relief can be granted.

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge